UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR RODRIGUEZ,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>UNITED PARCEL SERVICE, INC., DOES 1 through 5, inclusive,<br><br>　　　Defendants. | NO. EDCV-09-1776-RHW<br><br>**ORDER DENYING, IN PART, AND GRANTING, IN PART, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 35). A telephonic hearing on the motion was held on May 6, 2011. Plaintiff was represented by Julia Haus. Defendant was represented by Elizabeth Brown.

In his complaint, Plaintiff is asserting four claims under the California Fair Employment and Housing Act (FEMA): (1) disability discrimination; (2) failure to engage in the interactive process; (3) failure to accommodate; and (4) retaliation. Plaintiff is seeking compensatory and punitive damages.

Defendant moves for summary judgment based on the following arguments:

(1) Plaintiff's claims are barred by the one-year statute of limitations;

(2) Plaintiff was not a "qualified" individual with a disability;

(3) Plaintiff cannot show that UPS took any action against him because of his disability;

(4) Plaintiff obstructed the interactive process by not responding to UPS's request for information;

(5) Plaintiff cannot identify any reasonable accommodation that the interactive process would have produced;

**ORDER DENYING, IN PART, AND GRANTING, IN PART, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

(6) Plaintiff cannot show a *prima facie* case of retaliation because he has no evidence of any retaliatory animus or causal connection between his protected activity and any adverse action;

(7) UPS provided a legitimate, non-retaliatory reason in not returning Plaintiff to work in January, 2007;

(8) Plaintiff cannot show "clear and convincing evidence" of oppression, fraud, or malice "on the part of an officer, director, or managing agent," as required by the California statute for the jury to award punitive damages.

The Court agrees with Defendant that Plaintiff cannot establish a *prima facie case* of retaliation because he has not presented evidence of retaliatory animus or causal connection between his protected activity and an adverse employment action. The FEHA makes it unlawful "for any employer . . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [FEHA] or because the person has filed a complaint . . . under this Act." Cal. Gov. Code § 12940(h). Plaintiff argues that a reasonable jury could find retaliation based in that Defendant required Plaintiff to resign in order to settle the workers' compensation claim because he requested an accommodation. Such an inference would be too speculative for the jury to infer retaliation on the part of Defendant. As such, the Court grants summary judgment in favor of Defendant with respect to Plaintiff's claim of retaliation under the FEHA.

Likewise, the Court agrees with Defendant that Plaintiff has not presented clear and convincing evidence of oppression, fraud, or malice on the part of an officer, director, or managing agent of UPS. *See* Cal. Civ. Code § 3294.[1]

---

[1] a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been

**ORDER DENYING, IN PART, AND GRANTING, IN PART, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

With respect to the statute of limitations issue, California courts have instructed that the one-year statute of limitations should be "construed liberally" in order to "carry out the purposes of the FEHA to safeguard the employee's right to hold employment without experiencing discrimination. *Richards v. CM2 Hill, Inc.*, 26 Cal 4th 798, 820 (2001). Further, the FEHA limitations period "should be interpreted so as to promote the resolution of potentially meritorious claims on the merits." *Id.* Courts have recognized that there is good reason to view a failure over time to reasonably accommodate a disabled employee as a single course of conduct, as reasonable accommodation is often an "ongoing process" rather than a single action. *Id.* at 821.

Here, as set forth on the record, the Court finds triable issues of fact exist regarding when Plaintiff signed his complaint. As such, the Court denies Defendant's Motion for Summary Judgment based on this argument.

With respect to the remaining FEHA claims, the Court finds that there are triable issues of fact about Plaintiff's ability, with or without accommodation, to perform the essential functions of an available vacant position that would not be a promotion, *see Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, 166 Cal. App. 4th 952, 963 (2008), and that there are triable issues of fact regarding whether Defendants were responsible for the breakdown in the interactive process, *see id.* at 986. As such, the Court denies Defendant's Motion for Summary Judgment on Plaintiff's FEHA claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment (ECF No. 35) is

---

guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

**ORDER DENYING, IN PART, AND GRANTING, IN PART, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

**GRANTED**, in part, and **DENIED**, in part.

      2.    The Court **grants** summary judgment in favor of Defendant on Plaintiff's claim for retaliation under FEHA, and Plaintiff's claim for punitive damages. The Court **denies** summary judgment on Plaintiff's FEHA claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process.

      3.    The jury trial currently set for July 18, 2011, is **reset** to Tuesday, **June 28, 2011**, in Riverside, California. Counsel shall appear at 8:30 a.m. Jury selection shall begin at 9:00 a.m.

      4.    A pretrial conference is set for **June 21, 2011**, at 1:30 p.m. in Riverside, California.

      5.    Exhibit lists and witness lists shall be filed and served, and exhibits made available for inspection (or copies provided), on or before **May 16, 2011.** The witness list shall include identification of each witness's testimony. Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial.

Objections to such lists and any accompanying briefs shall be filed and served on or before **May 26, 2011.** Objections shall be heard at the pretrial conference. Copies of the exhibits to which there are objections shall be provided to the Court on or before **May 26, 2011.**

In accordance with Local Rule 83.1(g), each party shall bring to trial and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit. It is recommended that these photocopies be organized into separate binders.

      6.  All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions *in limine* to be filed and served on or before **May 16, 2011.** Responses shall be filed and served on or before **May 26,**

**2011.** Such motions will be addressed and resolved at the pretrial conference.

Challenges to the admissibility of expert opinion testimony shall be made by motion *in limine* and shall be heard at the pretrial conference. If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its motion *in limine*. The party shall describe the nature of the evidence to be presented and provide an estimate of the amount of time required for the hearing.

7. Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served on or before **May 16, 2011.** Cross-designations by highlighting in a different color shall be served on or before **May 26, 2011.** Objections to any designated deposition testimony shall be filed and served on or before **June 2, 2011**, and shall be heard and resolved at the pretrial conference. Copies of designations to which there are objections shall be provided to the Court on or before **June 2, 2011,**

8. A joint Pretrial Order shall be filed on or before **June 13, 2011**, and a copy e-mailed to the Court at *whaleyorders@waed.uscourts.gov*.

The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

9. Prior to **June 13, 2011**, the parties shall confer regarding jury instructions. On or before **June 13, 2011**, the parties shall jointly file a complete set of jury instructions that contain copies of each instruction on which the parties agree and copies of each instruction that is disputed (i.e., a copy of each party's proposed version, if any, of an instruction on which they do not agree). All instructions shall be short, concise, understandable, and neutral statements of the law. Argumentative instructions shall not be submitted or given. To be complete,

the joint set of instructions must include instructions addressing the elements of each claim or defense, and a proposed verdict form.  Instructions need not be submitted on issues that are not unique to this case, such as standard opening and closing instructions.  Two copies of each proposed instruction, one cited and one uncited, shall be filed and a copy e-mailed to the court at *whaleyorders@waed.uscourts.gov*.

On or before **June 13, 2011**, each party shall file and serve a legal memorandum addressing any objections the party has regarding any instructions proposed by any other party.  In their memoranda, the parties shall identify the specific portion of any proposed instruction to which they object and shall concisely state the basis for the objection.  If any of the proposed instructions are modified versions of model instructions, the parties shall identify the modification and legal authority for the modification.  Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection.  Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party.  Any objection or proposed instruction for which a good faith basis does not exist may result in sanctions.  The party proposing a disputed instruction may file a memorandum responding to any other party's objections, but must do so on or before **June 20, 2011.**

10.  Trial briefs shall be filed and served on or before **June 20, 2011**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 9th day of May, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

C:\Temp\notesFFF692\deny.sj.wpd

**ORDER DENYING, IN PART, AND GRANTING, IN PART, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6